IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEPHANIE ARANDA, Beneficiary                          CV. 08-340-MA
of the claim of Linda Clark,
deceased,                                              OPINION AND ORDER

            Plaintiff,

      v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

            Defendant.

BRUCE W. BREWER
419 5th Street
Oregon City, OR 97045

      Attorney for Plaintiff

DWIGHT C. HOLTON
United States Attorney
District of Oregon
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-290

LEISA A. WOLF
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075

      Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

In this proceeding, plaintiff seeks an award of fees and costs in the amount of $16,070.32 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Because I find that the position of the Commissioner was not substantially justified, plaintiff's application for fees is granted in part and denied in part.

## **Background**

On July 19, 2002, Linda Clark filed an application for disability income benefits under Title II of the Social Security Act. Clark contended she was disabled from March 31, 1995 through December 31, 2001, due to depression, social problems and memory problems. Following a hearing, the ALJ found Clark was not disabled in a decision dated January 30, 2004. Clark sought judicial review in this court, and the case was remanded to the ALJ to further develop the medical record by ordering a consultative examination, to assess the correct disability onset date, and to consider medical evidence submitted by plaintiff's treating physician following the hearing.

On February 4, 2007, Clark died as a result of a methadone overdose. On February 28, 2007, after a second hearing, the ALJ again found Clark was not disabled. Plaintiff Stephanie Aranda, Clark's daughter and beneficiary, sought judicial review for a

second time.   On June 22, 2009, I affirmed the ALJ's decision denying benefits.   Plaintiff appealed.

On November 30, 2010, on *de novo* review, a split panel of the Ninth Circuit Court of Appeals reversed and remanded the case for the calculation and payment of benefits based on an onset date of October 31, 1999.   The majority concluded that the ALJ failed to provide specific and legitimate reasons for  rejecting the opinion of Clark's treating psychiatrist Dr. Suckow in favor of examining psychologist Dr. Stoltzfus.   Additionally, the majority determined that the ALJ failed to apply the factors in 20 C.F.R. § 404.1527(d)(2)(i)-(ii), a required evaluation when a treating physician's opinion is not given controlling weight.

As the prevailing party, plaintiff subsequently filed the current application (#32) for fees, costs and expenses under the EAJA.   The Commissioner opposes the award of fees, arguing that its position was substantially justified, and therefore, plaintiff is not entitled to fees under the EAJA.   Alternatively, the Commissioner contends that the amount of fees should be reduced because the amount is unreasonable and improperly includes time spent on clerical or administrative tasks.

## DISCUSSION

## I.   The Commissioner's Position Was Not Substantially Justified.

Under the EAJA, a prevailing party is entitled to recover attorneys fees "unless the court finds that the position of the

United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is one of reasonableness." Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005)(internal quotation omitted). The Government's position need not be justified to a high degree, but to a degree that could satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 562-63 (1988); Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th Cir. 1990).

A substantially justified position does not necessarily mean a correct position; instead there may be a dispute over which reasonable minds could differ. Gonzales, 408 F.3d at 618; Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008). A position is substantially justified if it has a reasonable basis in law and fact. Pierce, 487 U.S. at 565; Hardisty v. Astrue, 592 F.3d 1072, 1079 (9th Cir. 2010), cert. denied, 2011 WL 1832858 (U.S. May 16, 2011); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). The government bears the burden of demonstrating substantial justification. Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

Here, the Commissioner contends that plaintiff should not be awarded fees under the EAJA because its position with respect to Dr. Suckow and Dr. Stoltzfus was substantially justified. Dr. Suckow, plaintiff's treating psychiatrist, opined in 2004 and 2006 that Clark was disabled and unable to work due to anxiety and

depression.  The ALJ accorded Dr. Suckow's opinion little weight, relying instead upon the opinion of Dr. Stoltzfus.  Dr. Stoltzfus conducted a psychological consultation on June 13, 2006.  Dr. Stoltzfus administered an MMPI, which yielded evidence of malingering or extreme symptom exaggeration, and examined plaintiff's records.  The ALJ gave Dr. Stoltzfus' opinion significant weight because it was based upon objective findings and a thorough review of Clark's records.

According to two members of the Ninth Circuit panel, the ALJ's assessment of Dr. Suckow's opinion was inadequate.  The majority found that the ALJ improperly afforded Dr. Stoltzfus' opinion greater weight than that of Dr. Suckow.  The majority noted that Dr. Suckow treated Clark for six years and based his opinion on extensive observation and evaluation.  In contrast, Dr. Stoltzfus met with Clark only one time, four and half years after the relevant time period, lessening that opinion's persuasiveness.  The majority concluded that the ALJ failed to apply the factors of 20 C.F.R. § 404.1527(d)(2)(i)-(ii), which heavily favored Dr. Suckow's opinion, and thus failed to supply specific and legitimate reasons for rejecting Dr. Suckow's opinion.

Judge Clifton wrote a dissenting opinion, contending that the ALJ offered a host of specific and legitimate reasons to discredit Dr. Suckow's opinion, including those the ALJ incorporated by reference in the ALJ's 2004 decision.  Judge Clifton was not

5 - OPINION AND ORDER

troubled by the fact that Dr. Stoltzfus met with plaintiff four and a half years after the date Clark was last insured because there were no allegations that Clark's condition had improved over time.

In this proceeding, the Commissioner contends that it was substantially justified in defending the ALJ's assessment of the doctors' opinions because there was a "genuine dispute." According to the Commissioner, its position was reasonable because this court affirmed the ALJ's decision and at least one member of the Ninth Circuit panel dissented. I disagree for two reasons.

First, the fact that another court agreed or disagreed with the Commissioner does not establish whether the government's position was substantially justified. Pierce, 487 U.S. at 569.

Second, as plaintiff correctly indicates, the government's position must have a reasonable basis in law and fact. Here, the Ninth Circuit determined that the ALJ failed to apply the factors set forth in 20 C.F.R. § 404.1527(d). Under that regulation, a treating physician's opinion is given controlling weight, unless it is inconsistent with other substantial evidence, or is not well supported. 20 C.F.R. § 404.1527(d); Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007). If the treating physician's opinion is contradicted, the ALJ must consider the factors set forth in 20 C.F.R. § 404.1527 to determine what weight the treating physician's opinion will be given. Orn, 495 F.3d at 631 (citing 20 C.F.R. § 404.1527(d)). The majority of the panel concluded that the ALJ

6 - OPINION AND ORDER

failed to apply the required factors.  While the Commissioner is correct that there may have been a genuine dispute about whether the reasons supplied by the ALJ amounted to "specific and legitimate" reasons, that dispute does not relieve the ALJ of his duty to perform the analysis required by 20 C.F.R. § 404.1527(d).

Based on the Ninth Circuit's decision, I find that the Commissioner's position that the ALJ properly assessed the medical opinions was without substantial justification because it was not reasonably based in law in light of the requirements of 20 C.F.R. § 404.1527(d).  I decline to address the Commissioner's remaining arguments.

## II.  Reasonableness of Plaintiff's Attorney's Fee Request.

An award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A).  The court has an independent duty to review the fee request to determine its reasonableness.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008); Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992).  The starting point for a reasonable fee is the number of hours expended multiplied by a reasonable hourly rate.  Hensley, 461 U.S. at 434; Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998).  This court recognizes a range of 20 to 40 hours as "a reasonable amount of time to spend on a social security disability case that does not present particular

difficulty." Harden v. Commissioner Soc. Sec. Admin., 497 F.Supp.2d 1214, 1215-16 (D. Or. 2007).

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. Gates, 987 F.2d at 1397. The party opposing the fee request has the burden of rebuttal which requires the submission of evidence to challenge the accuracy and reasonableness of the hours charged. Id. at 1397-98. Where documentation is inadequate, the court may reduce the requested award. Hensley, 461 U.S. at 433-34.

Plaintiff seeks a total of $16,070.32 in attorney fees for 92.35 hours expended, broken down by year as follows: $172.85 per hour for 26.1 hours expended in 2008, $172.24 per hour for 17.3 hours expended in 2009, $175.06 per hour for 48.95 hours expended in 2010 and 2011. The Commissioner does not object to the hourly rate, costs or expenses, and I note that the rates are within the statutory cap provided for under the EAJA.

However, the Commissioner contends that a total of 92.35 hours for this matter is unreasonable because plaintiff's four attorneys duplicated their efforts. Additionally, the Commissioner submits that the fee request inappropriately includes time spent on clerical matters.

////

////

**A.    Excessive Fees.**

The Commissioner specifically challenges the entries for preparing the opening brief and reply brief to the Ninth Circuit by attorneys Tim Wilborn and Ralph Wilborn, contending that counsel has duplicated their efforts.    Reviewing the billing entries prepared by counsel, it appears that attorney Ralph Wilborn did not perform much work on the case until it was appealed to the Ninth Circuit.    At that point, attorney Ralph Wilborn researched and drafted the Ninth Circuit opening brief (25 hours) and reply brief (13.25 hours).    Attorney Tim Wilborn appears to have finalized and filed the Ninth Circuit briefing (4.4 hours), as well as handling the case at district court.    Associate Jeffrey Narvil appears to have prepared the bulk of plaintiff's briefing to the district court (18.5 hours).

I begin by noting that 92.35 hours is substantially higher than the average 20 to 40 hours typically expended.    Having reviewed the billing entries, undoubtedly many additional hours resulted from plaintiff's successful appeal to the Ninth Circuit.

However, I agree with the Commissioner that there are some redundancies in preparation of plaintiff's briefing to the district court and the Ninth Circuit.    I have reviewed and compared the briefing submitted by the plaintiff's attorneys.    Plaintiff's opening brief to the Ninth Circuit consists of 30 pages.    The first two pages contain standard boilerplate language concerning

jurisdiction and the standard of review.   Pages 2-11 of the Ninth Circuit opening brief contain a statement of the case, including a factual summary and summary of the hearing testimony.   Comparing pages 2-11 of that brief with plaintiff's opening brief filed in this court reveals that they are substantially similar, and in places, the Ninth Circuit brief is taken verbatim from the district court briefing.

Continuing with this analysis, page 12 of the Ninth Circuit opening brief contains boilerplate language concerning the Social Security Administration's sequential evaluation, and pages 13 and 14 contain a lengthy quote from the ALJ's opinion and a brief summary of the argument.   The remaining 15 pages of the Ninth Circuit opening brief (pages 15-30) contains the analysis of plaintiff's argument.   Of these pages, approximately eight pages contain new analysis, primarily describing errors made by the district court.   However, pages 23-30 contain nearly the identical analysis as that presented in plaintiff's opening brief in the district court.   Indeed, numerous portions of the Ninth Circuit brief are quoted verbatim from the district court briefing.   In sum, at least half of the Ninth Circuit opening brief is identical, or substantially similar, to that submitted at the district court.

The point of this comparison is that attorney Ralph Wilborn submits billing records showing that he expended 25 hours for preparing the Ninth Circuit opening brief.   Meanwhile, attorneys

Tim Wilborn and Jeffrey Narvil billed 22.1 hours for preparing plaintiff's district court opening brief. Given Ralph Wilborn's 27 years of experience, and that half of the Ninth Circuit brief is taken nearly verbatim from the district court brief, I find the 25 hours expended by him to be excessive. This is especially true in light of the fact that Mr. Narvil was responsible for combing through the administrative record in the first instance, and did so in fewer hours. Aside from contending that the district court erred, plaintiff argued the same issue at both the district court and Ninth Circuit--that the ALJ improperly analyzed the treating physician's opinion. This issue is not novel or complex, but was routine by any measure and rested on clearly established law. Accordingly, I find 25 hours to be unreasonable, and must be reduced.

Because approximately half of plaintiff's opening brief in the Ninth Circuit is taken from the brief filed in the district court, I find that a 50 percent reduction to 12.5 hours for preparing the Ninth Circuit opening brief is appropriate. See Costa v. Astrue, 2011 WL 221837, *2 (D. Or. Jan. 18, 2011)(reducing 25 hours spent on preparing opening brief in social security case to 12 hours in EAJA application); Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 949 (9th Cir. 2007)(finding that district court's reduction of 5 hours for unnecessary analysis was appropriate).

Although the Commissioner also alleges redundancies in preparing the reply briefs in the district court and the Ninth Circuit, a comparison of that briefing does not support such a finding. I find the Commissioner has not established that a reduction in the hours expended on the reply briefing is warranted.

**B.    Block Billing.**

A fee applicant should maintain billing records in a manner that enables a reviewing court, and opposing counsel, to easily identify the hours reasonably expended on a particular task. Hensley, 461 U.S. at 437. Block billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended. See Role Models America, Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir. 2004). The court may reduce the requested fee based on this lack of specificity. Fischer v. SJF-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000)(district courts may reduce hours where requests are poorly documented). See Lee v. Commissioner, 2009 WL 3003858, *1 (D. Or. Sept. 17, 2009)(reducing EAJA award by 10 percent to account for block billing); Gadberry v. Astrue, 2009 WL 2983086, *1-2 (D. Or. Sept. 15, 2009)(reducing EAJA fee request by 10 hours to account for block billing); Brandt v. Astrue, 2009 WL 1727472, *4 (D. Or. June 16, 2009)(reducing EAJA block billed hours by 50 percent to account for poorly documented billing); Taylor v. Albina Community Bank, 2002 WL 31973738, *5 (D. Or. Oct. 2, 2002)(reducing

attorney fees by half due to block billing and excessive hours).
<u>See also</u> *Message from the Court Regarding Attorney Fee Petitions*,
Dated Feb. 11, 2009, found at ord.uscourts.gov/court-policies
(stating that fee petitions which contain inadequate detail or fail
to separate time for individual tasks may be denied, at least in
part).

Attorneys Ralph Wilborn and Jeffrey Narvil have provided some
block entries for their time.  I find that Mr. Narvil and Ralph
Wilborn have failed to describe their time with adequate detail,
and specific to each task performed.  However, because plaintiff's
case presented one primary issue, and I find that the overall
amount of hours Mr. Narvil spent to be reasonable, I decline to
reduce his hours for block billing.  I also decline to further
reduce Ralph Wilborn's hours, as it was the appeal to the Ninth
Circuit which ultimately achieved a successful result for
plaintiff.  I caution counsel to provide additional detail and
avoid block billing in any future fee petitions.

**C.  Clerical Time.**

Plaintiff concedes that one hour of time was inappropriately
billed for the preparing and serving summonses in 2008, and the
court will reduce the hours expended and fee award on that basis.

Additionally, billing entries reveal a few other entries
reflecting time spent on clerical tasks, namely filing documents.
<u>Missouri v. Jenkins</u>, 491 U.S. 274, 288 n.1 (1989)(clerical tasks

are typically considered overhead expenses, and are not reimbursable; "purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate"); see also Costa, 2011 WL 221837 at *2 n.1 (noting that filing documents is a clerical task). In several instances, the time spent filing the document was not separated from the time spent preparing the document. Accordingly, the court reduces the following eight entries by Tim Wilborn by .1 each for the clerical work:

| | | |
|---|---|---|
| 8/24/09 | File Notice of Appeal and related documents | .7 |
| 9/01/09 | File substitution of Counsel | .2 |
| 9/02/09 | File appearance of Counsel | .2 |
| 9/02/09 | File CADS | .2 |
| 9/15/09 | File transcript order form | .2 |
| 2/26/10 | Finalize and file Appellant's Opening Brief | 1.0 |
| 5/24/10 | Finalize and File Ninth Circuit Reply Brief | .2 |
| 12/08/10 | File bill of costs | .2 |

These reductions result in a .5 hour reduction in 2009, and a .3 hour reduction in 2010. The court also deducts .3 hours of time from Tim Wilborn's hours in 2008; the billing entries show .3 hours were expended in 2007. Plaintiff offers inadequate support for time billed in 2007.

In summary, I find a total of 77.75 hours to be reasonable under the EAJA. Therefore, plaintiff is entitled to an award of $13,508.73 (24.8 hours in 2008 X $172.85 = $4,286.68, 16.8 hours in

14 - OPINION AND ORDER

2009 X $172.24 = $2,893.63, 36.15 hours in 2010 & 2011 X $175.06 =$6,328.42).

<u>**CONCLUSION**</u>

For the reasons stated above, plaintiff's Application for Fees Pursuant to EAJA (#32), is GRANTED in part and DENIED in part. Plaintiff is awarded $13,508.73. Consistent with <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521, 2527-28 (2010), this EAJA award is subject to any offset allowed under the Treasury Offset Program.

IT IS SO ORDERED.

DATED this _7__ day of JUNE, 2011.


_/s/ Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge